UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AEOLOS MANAGEMENT S.A.** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **SOUTHPORT AGENCIES, INC.** | **MAGISTRATE JUDGE** |

**COMPLAINT FOR AN ACCOUNTING AND FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Aeolos Management S.A. (hereinafter "Aeolos") and for its Complaint against defendant Southport Agencies, Inc. (hereinafter "Southport") states as follows:

**I.**

This lawsuit arises from a dispute within an agency relationship. Defendant Southport acted as agent for Aeolos pursuant to written or other agreements. Defendant has breached its fiduciary duty in failing to properly account for funds advanced to defendant. Plaintiff seeks an immediate, detailed accounting and recovery of any funds which have not been properly paid to third parties.

**II.**

Plaintiff is a Greek corporation with its principal place of business outside the State of Louisiana in Piraeus, Greece.

**III.**

Defendant Southport is a Louisiana business corporation with its registered office in Chalmette, Louisiana having as its agent for services of process Mr. Kevin J. Lagraize, 1101 West Judge Perez Drive, 2nd Floor, Chalmette, LA 70043. Should this address be inactive following Hurricane Katrina, then, upon information and belief, it is believed service can be made on Mr. Lagraize or other officer or managing agent of the corporation at 2700 Lake Villa Drive, Suite 180, Metairie, LA 70002.

1

IV.

The amount in controversy exceeds $75,000.

V.

This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and there is complete diversity between plaintiff and defendant. Venue is proper in the Eastern District of Louisiana because the defendant is subject to personal jurisdiction in this judicial district and it is believed that a substantial portion of the events took place in the Eastern District of Louisiana. Alternatively, this case is properly within this Court's Admiralty and Maritime jurisdiction, 28 USC §1333.

VI.

Aeolos was acting as the operator or manager of the M/V SYROS, a vessel which was scheduled to call at the Port of New Orleans in February, 2010. Pursuant to charter party and other arrangements, the load port agent was nominated by the charterers, not the vessel's owners or operators; however, Southport was also nominated to act as the agent for the owners/operators/managers of the SYROS. In connection with the call of a vessel such as the SYROS to load grain in the Mississippi River, a steamship agent such as defendant is used to facilitate the vessel's operations. The agent, among other things, arranges for: pilots, tugs; transportation of crew as necessary; communications and documentation with governmental officials and with local terminals; and other services normally undertaken by husbanding agents.

VII.

In connection with the call of the vessel, Southport submitted an advance or estimated proforma disbursement account well before the vessel's arrival at the port demanding advance payment of USD $196,000. Plaintiff, being unfamiliar with port

expenses involved in the Mississippi River, asked for verification of the estimated expenses, which was not forthcoming and USD $153,000 was remitted by or on behalf of plaintiff to Southport as an estimate for port expenses based on conversations which the plaintiff had with other agents in the area.

### VIII.

Southport protested the advance payment of USD $153,000 and threatened to delay the filing of the vessel's berthing and presentation of the vessel's Notice of Readiness at the ADM Grain Elevator until they received the entire USD $196,000 which they had demanded, but which they had not substantiated.

### IX.

Plaintiff also ascertained that the elevator itself requested only the sum of USD $130,687.20 and wrote defendant that any uncertainties or discrepancies in the amount of advance funds could be clarified in due course; nevertheless, Southport remained adamant that they required an advance of USD $196,000 before they would make a berth application and present the vessel's Notice of Readiness at the ADM elevator where the vessel was scheduled to load.

### X.

Under these threats and duress, plaintiff submitted a further payment of USD $43,000 to Southport's bank account on or about 01 February 2010.

### XI.

Southport then demanded additional funds of $33,600 to cover the costs of security guards which were required to be stationed on board the vessel throughout the vessel's stay in port.  This demand was made on a Saturday, making it impossible for plaintiff to comply.  Plaintiff contends these costs are for charterer's account, but acting under these threats, plaintiff forwarded another USD $30,000 to Southport as soon as

possible. Southport still refused to act upon receipt of this amount and then demanded USD $50,000, instead of the $33,600 originally requested for the guards, threatening to delay the vessel's sailing until all of these funds were paid to Southport. Accordingly, under threat and duress, plaintiff paid yet another USD $20,000 to Southport.

## XII.

Thereafter, on 13 February 2010, again on a Saturday, Southport demanded an additional immediate payment of USD $48,300 for alleged shifting costs and alleged additional grain elevator occupancy charges, and threatened to delay the vessel's sailing until these additional demanded funds were received. As it was a Saturday and the vessel was sailing the following day, Sunday, 14 February 2010, plaintiff was compelled to ask their local protecting agent to advance this sum on the plaintiff's behalf.

## XIII.

The SYROS completed loading and all other operations in the Mississippi River and departed the port on 14 February 2010.

## XIV.

On 16 February 2010, plaintiff asked Southport to supply documentary evidence substantiating the payments made for the total amount of USD $296,000 which Southport had demanded. Following repeated requests, Southport produced information substantiating only USD $132,868.68, and this was without any documentary evidence to prove which amounts, if any, Southport had actually paid.

## XV.

Plaintiff has repeatedly and continually demanded a full, detailed accounting of the amounts forwarded to Southport, either by way of a final accounting or a revised provisional accounting. Southport finally produced a purported accounting, but contrary

to the agreement between the parties and plaintiff's written demand, the purported accounting did not contain paid receipts evidencing payment, canceled checks proving payment or even copies of the checks purportedly sent in payment of the asserted disbursements.

### XVI.

By virtue of its status as an agent or mandatary of plaintiff, defendant is obligated to provide all information and render a detailed account of performance of the mandate. See, e.g., Louisiana Civil Code Article 3003. The accounting owed includes all facts relating to the subject matter of the agency which the principal needs to know in order to protect its interests.

### XVII.

Defendant further avers that under Louisiana and other law, an action by a principal seeking an accounting from a mandatary or agent is a summary proceeding, subject to the rules governing summary proceedings; as such, it may be commenced by the filing of a contradictory motion as opposed to a full trial on the merits.

### XVIII.

As a result of defendant's conduct, plaintiff has suffered or may suffer substantial damages, including without limitation, the expense of paying the invoices of those who provided goods and services to the SYROS, and loss of good will.

WHEREFORE, Plaintiff prays that:

1. The Court enter an Order preventing defendant from destroying any documents or computer records from their business, and further allowing the immediate copying of all financial records involving the SYROS.

2.  The Court enter an Order requiring defendant to render to plaintiff a full and complete accounting of all funds received by defendant from plaintiff and all payments made to third parties for services rendered in connection with the SYROS.

3.  After due proceedings had, there be Judgment in favor of plaintiff and against defendant for any damages sustained by plaintiff, and for interest, attorneys' fees, and costs.

4. For all other and further relief, in law, justice or in equity, which plaintiff may be entitled to receive.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   *s/ Kevin J. LaVie*
Kevin J. LaVie, LA Bar: #14125
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
kevin.lavie@phelps.com
ATTORNEYS FOR PLAINTIFF,
AEOLOS MANAGEMENT S.A.